# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ZIMMERMAN, | ) |
| | ) Case Nos.: |
| Plaintiff, | ) |
| vs. | ) 2:17-cv-00304-GMN-GWF |
| | ) 2:17-cv-00307-GMN-GWF |
| GJS GROUP, INC., | ) 2:17-cv-00312-GMN-GWF |
| | ) 2:17-cv-00397-GMN-GWF |
| Defendant. | ) 2:17-cv-00433-GMN-GWF |
| | ) 2:17-cv-00536-GMN-GWF |
| vs. | ) 2:17-cv-00554-GMN-GWF |
| | ) 2:17-cv-00560-GMN-GWF |
| STATE OF NEVADA, ex rel. ADAM PAUL | ) 2:17-cv-00563-GMN-GWF |
| LAXALT, Attorney General, | ) 2:17-cv-00567-GMN-GWF |
| | ) 2:17-cv-00569-GMN-GWF |
| Defendant-Intervenor. | ) 2:17-cv-00595-GMN-GWF |
| | ) 2:17-cv-00596-GMN-GWF |
| And related cases. | ) 2:17-cv-00597-GMN-GWF |
| | ) 2:17-cv-00602-GMN-GWF |
| | ) 2:17-cv-00796-GMN-GWF |
| | ) 2:17-cv-00830-GMN-GWF |
| | ) 2:17-cv-00833-GMN-GWF |
| | ) 2:17-cv-00834-GMN-GWF |
| | ) 2:17-cv-00935-GMN-GWF |
| | ) 2:17-cv-00973-GMN-GWF |
| | ) 2:17-cv-00974-GMN-GWF |
| | ) 2:17-cv-00976-GMN-GWF |
| | ) 2:17-cv-00977-GMN-GWF |
| | ) 2:17-cv-01183-GMN-GWF |
| | ) 2:17-cv-01194-GMN-GWF |
| | ) 2:17-cv-01198-GMN-GWF |
| | ) 2:17-cv-01199-GMN-GWF |
| | ) 2:17-cv-01201-GMN-GWF |
| | ) 2:17-cv-01206-GMN-GWF |
| | ) 2:17-cv-01209-GMN-GWF |
| | ) 2:17-cv-01259-GMN-GWF |
| | ) 2:17-cv-01300-GMN-GWF |
| | ) 2:17-cv-01302-GMN-GWF |
| | ) 2:17-cv-01308-GMN-GWF |
| | ) 2:17-cv-01315-GMN-GWF |

|   |   |
|---|---|
| | ) 2:17-cv-01338-GMN-GWF |
| | ) 2:17-cv-01347-GMN-GWF |
| | ) 2:17-cv-01358-GMN-GWF |
| | ) 2:17-cv-01359-GMN-GWF |
| | ) |
| | ) **ORDER** |
| | ) |

Pending before the Court is Intervenor State of Nevada's ("Intervenor's") Motion to Consolidate, (ECF No. 37).[1] Plaintiff Kevin Zimmerman ("Plaintiff") filed a Response, (ECF No. 39), and Intervenor filed a Reply, (ECF No. 41). For the reasons discussed herein, Intervenor's Motion is **GRANTED in part** and **DENIED in part**.

I. <u>BACKGROUND</u>

These cases arise out of alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and a series of lawsuits filed by Plaintiff against various defendant-entities in the Las Vegas, Nevada area. On February 28, 2017, the Court issued an omnibus order transferring more than seventy of Plaintiff's cases to the undersigned and the Honorable Magistrate Judge George Foley. *See Zimmerman v. Nevada CVS Pharmacy, LLC*, No. 2:17-cv-00307-GMN-GWF (D. Nev. 2017) (Omnibus Transfer Order, ECF No. 5). The Court reasoned that the "allegations in each of these cases are nearly identical," and that "judicial economy will be served" by transferring all of the cases to a single District Court Judge and Magistrate Judge. (*Id.* 1:26–2:3).

On August 8, 2017, Intervenor filed a motion to intervene as a limited-purpose defendant, (ECF No. 28), which Judge Foley subsequently granted on October 11, 2017. (ECF No. 35). On October 17, 2017, Intervenor filed the instant Motion to Consolidate, (ECF No. 37). According to Intervenor's Motion, Plaintiff filed approximately 275 complaints in the

---

[1] Intervenor filed its initial Motion in *Zimmerman v. GJS Grp., Inc.*, No. 2:17-cv-00304-GMN-GWF (D. Nev. 2017). Unless otherwise indicated, the Court will cite to the parties' respective briefs in that case, which are identical to those filed in the other cases that Intervenor seeks to consolidate.

District of Nevada between the dates of January 31, 2017, and October 17, 2017. (Mot. to Consolidate 2:25). Intervenor further asserts that, as of October 2017, approximately eighty-nine cases were active. (*Id.* 2:25–3:2); (*see* App. A to Mot. to Consolidate, ECF No. 37-1).[2]

Pursuant to this, Intervenor seeks consolidation of all of Plaintiff's cases for the limited purpose of determining "whether the complaints filed by this Plaintiff should be dismissed on the basis of common issues of law and fact," and "whether the Court should issue any sanctions or other remedial orders." (*Id.* 1:26–2:2).

## II. <u>LEGAL STANDARD</u>

Rule 42(a) of the Federal Rules of Civil Procedure governs motions to consolidate. It provides:

> If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

When deciding whether to consolidate cases, the threshold question for the court to answer is whether the actions involve common questions of law or fact. *See id.* District courts are given wide latitude in exercising their discretion to grant or deny consolidation. *See In re Adams Apples, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues." *Firefighters, Local 1908 v. Cnty. of Clark*, No. 2:12-cv-00615-MMD-VCF, 2012 WL 1986590, at *2 (D. Nev. June 1, 2012). If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or

---

[2] "[A] court may take judicial notice of its own records in other cases . . . ." *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Since that time, approximately half of those cases have been closed.

prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Finally, whether actions should be consolidated under Rule 42(a) is a matter committed to the trial court's discretion. *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

### III. DISCUSSION

Intervenor moves for consolidation on the basis that all the complaints in these actions are "substantially similar" and "contain common questions of law and fact." (Mot. to Consolidate 11:9–15). Specifically, Intervenor seeks consolidation for the limited purpose of determining whether all cases should be dismissed "on the basis of threshold questions of law and fact common to all consolidated cases, including, but not limited to, Plaintiff's lack of standing, and Plaintiff's failure to state a cause of action." (*Id.* 2:4–8).[3] Moreover, in its Reply, Intervenor states that it intends to assert a facial challenge to Plaintiff's standing based on common allegations and omissions in all of Plaintiff's complaints. (Reply 6:4–7, ECF No. 41).

Plaintiff responds that "key facts in each of Plaintiff's cases are unique and specific to each location, which destroys the commonality of fact" alleged by Intervenor. (Resp. 3:23–25, ECF No. 39). Plaintiff asserts that his claims "arise from specific and distinct facts related to where he suffered discrimination, how he suffered, the way each unique defendant subjected him to unequal access, the identity of the responsible defendants, and the separate and specific date when the events occurred." (*Id.* 8:22–9:1). Moreover, Plaintiff contends that the complaints allege "no less than 37 specific and unique types of discrimination." (*Id.* 4:7–8). Plaintiff continues that consolidation would prejudice him in light of the distinct procedural postures of each case. (*Id.* 9:6–9).

---

[3] In its Motion to Consolidate, Intervenor also seeks sanctions or other remedial orders concerning Plaintiff's representations in his various applications to proceed in forma pauperis and the issue of whether Plaintiff conducted a reasonable inquiry prior to filing the instant actions. (Mot. to Consolidate 11:16–13:3). The Court, however, directs Intervenor to discuss this request in a separate motion. *See* D. Nev. LR IC 2-2(b).

The Court finds that common questions of law render the instant cases appropriate for consolidation. All of the complaints in these actions allege that Defendants' violations of the ADA and corresponding Accessibility Guidelines have prevented Plaintiff from the full use and enjoyment of Defendants' places of public accommodation ("PPA"). The complaints in these actions are virtually identical.[4] Because Intervenor and various Defendants to these cases have asserted challenges to Plaintiff's standing, the Court finds that judicial economy will be served by resolving the threshold question of jurisdiction in a single order.

Accordingly, the Court will consolidate the above-captioned cases for the limited purpose of determining subject matter jurisdiction. The Court will set a briefing schedule to allow the parties to address whether Plaintiff has established an injury-in-fact sufficient to confer Article III standing. Specifically, the Court will permit Intervenor to assert a facial challenge to Plaintiff's standing based on common allegations or omissions in the instant complaints.[5] The Court denies, without prejudice, the pending motions to dismiss in these cases with leave to join in Intervenor's consolidated motion to dismiss. In doing so, the Court notes that the question of subject matter jurisdiction must be answered prior to allowing these cases to proceed on their merits. *See Hawaii v. Trump*, 878 F.3d 662, 680 (9th Cir. 2017) ("Without jurisdiction the court cannot proceed at all in any cause.") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)).

The Court cautions, however, that numerous arguments have been made by Defendants to the instant cases that are inconsistent with prevailing Ninth Circuit law. Specifically, Plaintiff's status as an ADA "tester" does not factor into the standing analysis. In the Ninth Circuit, "motivation is irrelevant to the question of standing under Title III of the ADA." *See*

---

[4] For this reason, the Court previously issued the omnibus transfer order discussed *supra*.

[5] In this regard, because Intervenor seeks to assert a facial challenge, the Court finds that the existence of distinct alleged ADA violations at different locations will not prejudice Plaintiff.

Page 5 of 6

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017) (holding that "Plaintiffs' status as ADA testers . . . does not deprive them of standing."). Moreover, in the Ninth Circuit, a Plaintiff need not have concrete plans to return to a defendant's PPA. *See Chapman v. Pier 1 Imps., Inc.*, 631 F.3d 939, 950 (9th Cir. 2011); *see also Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1100–01 (holding that an ADA Plaintiff need not intent to visit the PPA in question until *after* the alleged barriers are remediated). Accordingly, the parties are advised to consider these cases in addressing the question of subject matter jurisdiction.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Intervenor's Motions to Consolidate, (ECF No. 37, *et al.*), are **GRANTED in part** and **DENIED in part**. Specifically, the Court grants Intervenor's Motions for the limited purpose of addressing subject matter jurisdiction, consistent with the foregoing.

**IT IS FURTHER ORDERED** that all consolidated briefings shall be filed in Case No. 2:17-cv-00304-GMN-GWF.

**IT IS FURTHER ORDERED** that all pending motions to dismiss are denied without prejudice with leave to join in the consolidated briefing to be submitted by Intervenor or, alternatively, to refile upon resolution of Intervenor's motion to dismiss, in accordance with Appendix A to this Order.

**IT IS FURTHER ORDERED** that Intervenor shall have until **April 18, 2018** to file its consolidated motion to dismiss.

**DATED** this __26__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

# Appendix A

| Case Number | Motions to Consolidate | Motions to Dismiss |
|---|---|---|
| 2:17-cv-00304-GMN-GWF | ECF No. 37 | N/A |
| 2:17-cv-00307-GMN-GWF | ECF No. 33 | N/A |
| 2:17-cv-00312-GMN-GWF | ECF No. 30 | N/A |
| 2:17-cv-00397-GMN-GWF | ECF No. 21 | N/A |
| 2:17-cv-00433-GMN-GWF | ECF No. 19 | N/A |
| 2:17-cv-00536-GMN-GWF | ECF No. 23 | N/A |
| 2:17-cv-00554-GMN-GWF | ECF No. 26 | N/A |
| 2:17-cv-00560-GMN-GWF | ECF No. 30 | ECF No. 21 |
| 2:17-cv-00563-GMN-GWF | ECF No. 22 | ECF No. 18 |
| 2:17-cv-00567-GMN-GWF | ECF No. 25 | N/A |
| 2:17-cv-00569-GMN-GWF | ECF No. 24 | N/A |
| 2:17-cv-00595-GMN-GWF | ECF No. 34 | ECF No. 21 |
| 2:17-cv-00596-GMN-GWF | ECF No. 28 | N/A |
| 2:17-cv-00597-GMN-GWF | ECF No. 26 | N/A |
| 2:17-cv-00602-GMN-GWF | ECF No. 21 | N/A |
| 2:17-cv-00796-GMN-GWF | ECF No. 25 | N/A |
| 2:17-cv-00830-GMN-GWF | ECF No. 26 | N/A |
| 2:17-cv-00833-GMN-GWF | ECF No. 25 | N/A |
| 2:17-cv-00834-GMN-GWF | ECF No. 21 | N/A |
| 2:17-cv-00935-GMN-GWF | ECF No. 24 | N/A |
| 2:17-cv-00973-GMN-GWF | ECF No. 24 | N/A |
| 2:17-cv-00974-GMN-GWF | ECF No. 25 | N/A |
| 2:17-cv-00976-GMN-GWF | ECF No. 21 | N/A |
| 2:17-cv-00977-GMN-GWF | ECF No. 15 | N/A |
| 2:17-cv-01183-GMN-GWF | ECF No. 12 | N/A |
| 2:17-cv-01194-GMN-GWF | ECF No. 23 | N/A |
| 2:17-cv-01198-GMN-GWF | ECF No. 15 | ECF No. 11 |
| 2:17-cv-01199-GMN-GWF | ECF No. 17 | N/A |
| 2:17-cv-01201-GMN-GWF | ECF No. 18 | N/A |
| 2:17-cv-01206-GMN-GWF | ECF No. 17 | N/A |
| 2:17-cv-01209-GMN-GWF | ECF No. 11 | N/A |
| 2:17-cv-01259-GMN-GWF | ECF No. 23 | N/A |

| | | |
|---|---|---|
| 2:17-cv-01300-GMN-GWF | ECF No. 12 | N/A |
| 2:17-cv-01302-GMN-GWF | ECF No. 12 | N/A |
| 2:17-cv-01308-GMN-GWF | ECF No. 18 | N/A |
| 2:17-cv-01315-GMN-GWF | ECF No. 21 | ECF No. 10 |
| 2:17-cv-01338-GMN-GWF | ECF No. 20 | N/A |
| 2:17-cv-01347-GMN-GWF | ECF No. 10 | N/A |
| 2:17-cv-01358-GMN-GWF | ECF No. 18 | ECF No. 10 |
| 2:17-cv-01359-GMN-GWF | ECF No. 17 | ECF No. 8 |